| | |
|---|---|
| **TANISHA SMITH,** *et al.,* | |
| **Plaintiffs,** | |
| **v.** | **Civil Action No. 1:25-cv-00232-RC** |
| **WASHINGTON METROPOLITAN AREA TRANSIT AUTHOITY POLICE DEPARTMENT** *et al.,* | |
| **Defendants.** | |

## MOTION TO STRIKE PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND/OR OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Lieutenants Louie White and Tabb, Sergeants G. Rich and K. Anderson, and Officers T. Artis, N. Crawford, C. Anguisaca, in their personal capacities (hereinafter collectively "Personal Capacity Defendants")[1] hereby file the instant Motion to Strike Plaintiffs' Motion for Summary Judgment and/or Opposition to Plaintiffs' Motion for Summary Judgment and states the following:

1. On August 19, 2025, Plaintiffs filed a Motion for Summary Judgment ("MSJ"). *See* ECF No. 42. Despite being instructed by the Court to send Personal Capacity Defendants their video evidence upon filing (*see* ECF No. 22), Plaintiffs deliberately failed to send Personal Capacity Defendants the video evidence on which their MSJ relies. *See* Defs' Mot. for Sanctions (ECF No. 39). It is impossible for Personal Capacity Defendants to properly oppose Plaintiffs MSJ and/or

---

[1] To the extent required, the Washington Metropolitan Area Transit Authority ("WMATA"), via its Metro Transit Police Department ("MTPD"), misnamed as "Washington Metro Area Transit Authority Police Department," along with Randy Clarke, Valerie Santos, Michael Anzallo, and all Defendants sued in their official capacity join in the instant motion. On May 30, 2025, WMATA, Clarke, Santos, Anzallo, and Defendants sued in their official capacities filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). *See* ECF No. 8. That motion is still pending before the Court.

Material Statement of Facts without the cell phone video from both Plaintiffs (Exhibits A-Pre and A) since both are based in large part on evidence Plaintiffs have chosen to conceal from Personal Capacity Defendants. *See* Pls' Mat. Statement of Facts (ECF No. 42-1); *see also* Pls' Notice of Filing USB Flash Drive ( Exhibits A-PRE through D (ECF No. 37)).

2. Personal Capacity Defendants move to strike Plaintiffs MSJ.[2] *See Phillips v. Mabus,* 319 F.R.D. 36, 38 (D.D.C.2016) ([T]he Court does retain the discretionary authority to strike summary judgment motions if necessary to tame … tempestuous litigation.); *see also Canady v. Erbe Elektromedizin GmbH,* 307 F.Supp.2d 2, 11 (D.D.C.2004); *Brinco Mining Ltd. V. Fed. Ins. Co.* 552 F.Supp.1233, 1240 (D.D.C.1892) (The Court has inherent authority over its docket)). Plaintiffs deliberate failure to send a copy of their personal video evidence to Personal Capacity Defendants has caused prejudice. *See* ECF No. 37; *see also* Defs' Mot. for Sanctions (ECF No. 39). Plaintiffs state that much of their video evidence is primarily bodycam footage which they received from WMATA's Metro Transit Police Department; however, it is impossible for Personal Capacity Defendants to confirm the assertion and/or respond to video evidence filed with the Court that they have not received which Plaintiffs have deliberately withheld.[3] Moreover, Plaintiffs have admitted that that they have redacted Exhibit A-Pre in unexplained ways before filing it with the Court.

3. Alternatively, to the extent this Honorable Court declines to strike Plaintiff's Motion for Summary Judgment, Personal Capacity Defendants oppose Plaintiffs MSJ[4] with their own MSJ

---

[2] *See* Footnote No. 1. To the extent necessary, WMATA, Clarke, Santos, Anzallo, and Defendants sued in their official capacities join in the motion to strike.

[3] On March 25, a week after filing her motion for summary judgment, Plaintiff provided a link to copies of MTPD Body Worn Cameras for this incident through an apparent drop box stored in the cloud. No copies of Exhibit A-Pre or Exhibit A were included. It is unclear if the link to the BWC videos in the drop box – which appear to be copies of MTPD BWC videos- are the same videos that Plaintiff provided to the Court on the thumb drive.

[4] *See* Footnote No. 1. To the extent necessary, WMATA, Clarke, Santos, Anzallo, and Defendants sued in their official capacities oppose Plaintiffs Motion for Summary Judgment and incorporate by reference their arguments made in their Motion to Dismiss (ECF No. 8). It is impossible for Plaintiffs to win summary judgment against

and Material Statement of Facts filed September 2, 2025.  *See* ECF No.46 - Defs Mot. for Summary Judgment; *see also* ECF No.46-3 - Defs Material Statement of Facts.  It is impossible for Plaintiffs to win judgment as a matter of law if Personal Capacity Defendants are entitled to qualified immunity and/or judgment as a matter of law as well.

WHEREFORE, based on the above averments, Personal Capacity Defendants respectfully move this Honorable Court to strike Plaintiffs' Motion for Summary Judgment and/or incorporate by reference ECF No. 8, 39, and 46 as opposition to Plaintiffs' Motion for Summary Judgment.

Respectfully submitted,

WASHINGTON METROPOLITAN AREA
TRANSIT AUTHORITY
By Counsel:

__*/s/ Neal M. Janey, Jr.*_____
Neal M. Janey, Jr. *Bar No.: 995449*
Senior Counsel II
WMATA Legal Department
300 Seventh Street, S.W., Room 712-04 East
Washington, D.C. 20024
(202) 627-4540 telephone
(202) 962-2550 facsimile
E-mail: nmjaney@wmata.com

*Counsel for Defendants*

---

WMATA, Clarke, Santos, Anzallo, and Defendants sued in their official capacities via 42 U.S.C. §1983 when these defendants cannot be sued under Section 1983 and/or they have immunity.

**CERTIFICATE OF SERVICE**

I certify that on September 2, 2025, a copy of the foregoing was served *via* the court's electronic filing system to Plaintiffs at *tanishayhshrl@gmail.com*.

/s/ Neal M. Janey, Jr.
Neal M. Janey, Jr.